IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00016-RLV
(5:06-CR-00037-RLV)

| | |
|---|---|
| MARIA CARBAJAL-NIETO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be DISMISSED as untimely.

### I. BACKGROUND

On December 18, 2007, Petitioner was named, along with several co-defendants, in a sixth superseding indictment with conspiracy to possess with intent to distribute crack cocaine and methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & 21 U.S.C. § 846 (Count One), and a second count of knowingly possessing with intent to distribute cocaine, methamphetamine, and methamphetamine in its crystal form, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) & 18 U.S.C. § 2 (Count Nineteen). (5:06-CR-00037, Doc. No. 219).

On January 8, 2008, Petitioner's case came on for a trial by jury and on January 18, 2008, the jury returned a verdict finding Petitioner guilty on Counts One and Nineteen. (Doc. No. 251). On August 4, 2008, Petitioner appeared before this Court for sentencing and was sentenced to concurrent terms of 235-months' imprisonment on Counts One and Nineteen. (Doc. No. 339).

Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner raised three grounds for relief. First, Petitioner argued that the Court improperly calculated the drug amount attributable to her. Second, Petitioner challenged the Court's explanation in choosing her sentence. And last, Petitioner argued that the Court abused its discretion in not sua sponte ordering that her trial be severed from that of her husband. The Circuit Court rejected each of these arguments and affirmed her criminal judgment in its entirety.

See United States v. Carbajal-Nieto, 390 F. App'x 295 (4th Cir. Aug. 6, 2010). Petitioner did not seek further appellate review of this decision.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, on August 6, 2010, the Fourth Circuit filed its opinion affirming Petitioner's criminal judgment in all respects and Petitioner did not seek further appellate review from the Supreme Court of the United States. Petitioner's judgment therefore became final 90-days following the Fourth Circuit's filing of its opinion, or on or about November 6, 2010. See Clay v. United States, 537 U.S. 522, 525 (2003).

Nevertheless, Petitioner contends her Section 2255 motion is timely under Section 2255(f)(4) based on two cases she cites, one from the Eastern District, Parrish v. United States, 2012 U.S. Dist. LEXIS 85404 (E.D.N.C. Mar. 12, 2012), and the second, Zedner v. United States, 547 U.S. 489 (2006). In particular, Petitioner argues that she received ineffective assistance of counsel because her trial attorney failed to challenge the Court's continuances under the provisions of the Speedy Trial Act, as codified in 18 U.S.C. § 1361, et seq. Petitioner maintains that if these motions for continuances were successful, Petitioner could have escaped trial on the increased drug quantities which were alleged in the superseding indictments. (5:13-CV-00016, Doc. No. 1 at 1-2).

Petitioner asserts that the one-year time limitation began to run from the date the Parrish

3

order was filed. However, Section 2255(f)(4)'s time limitation does not begin to run following the filing of a case in which a petitioner is not a party, even though they contend the case's holding may prove beneficial for their own case. While there is authority that "facts" under this provision have been found to include court rulings and the resultant legal consequences of facts known to a petitioner, see Johnson v. United States, 544 U.S. 295, 308-09 (2005), the court ruling or noted legal consequence on offer must have taken place in the petitioner's own case. Put simply, the facts or legal consequences which are presented in a subsequent court decision fail to serve as a triggering event for purposes of timeliness under Section 2255(f)(4) in Petitioner's case. See, e.g., Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (finding that in Johnson, the Supreme Court discussed timeliness under Section 2255 and found that a prior state conviction that is later vacated qualifies as a "fact" under § 2255(f)(4)).

What, of course, the present Petitioner must appreciate is that an Eastern District opinion in a Section 2255 proceeding does not constitute a fact in her own case. Moreover, the Court in Parrish discussed the Supreme Court's opinion in Zedner, which the Court notes was decided in 2006, or some four years before Petitioner's judgment became final in her criminal case. In sum, Petitioner's discovery of the "fact" of the Parrish case can be of no assistance to her.

Finally, the Court finds that Petitioner is not entitled to equitable tolling because she has failed to make any showing as to why she could not have raised arguments based on a 2006 Supreme Court case in a Section 2255 motion within the one-year time frame provided for under the AEDPA. Or more to the point, why she could not have raised the present arguments on direct appeal.

For the foregoing reasons, Petitioner's Section 2255 will be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1)

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 17, 2013

Richard L. Voorhees
United States District Judge